376    APPELLATE COURTS OF ILLINOIS.

Ohio Salt Co. v. Baltimore & Ohio R. Co., 204 Ill. App. 376.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. EXECUTION, § 293*—*when judgment debtor may not be released from custody.* The County Court has no authority to enter an order releasing a judgment debtor from the custody of the sheriff under a writ of *capias ad satisfaciendum* issued upon a judgment in tort where malice was the gist of the action.

2. EXECUTION, § 285*—*when affidavit is not required for issuance of a capias ad satisfaciendum.* Under Hurd's Rev. St. 1913, ch. 77, sec. 62 (J. & A. ¶ 6809), an affidavit is not required for the issuance of a *capias ad satisfaciendum* upon a judgment in tort.

---

## Ohio Salt Company, Defendant in Error, v. Baltimore & Ohio Railroad Company, Plaintiff in Error.

### Gen. No. 22,181.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon JOHN COURT-NEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Reversed with finding of fact. Opinion filed March 20, 1917.

## Statement of the Case.

Action by the Ohio Salt Company, a corporation, plaintiff, against the Baltimore & Ohio Railroad Company, a corporation, defendant, to recover damages for the loss of a shipment of salt delivered by plaintiff to defendant as the initial carrier for transportation to Camden, New Jersey, via Cleveland, Ohio. From a judgment for plaintiff for $183.50, defendant brings error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Ohio Salt Co. v. Baltimore & Ohio R. Co., 204 Ill. App. 376.

CALHOUN, LYFORD & SHEEAN, for plaintiff in error; P. H. KEENEY, of counsel.

A. K. HUTCHINSON, for defendant in error; H. C. LUST, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1.  CARRIERS, § 100*—*when delay in transfer of car is due to act of God.* Where a carrier placed a car in transit in its yards at a transfer point for classification and transfer about seven o'clock p. m., and during that night a flood of unusual and unprecedented proportions not reasonably to be anticipated by the carrier arose and delayed the transfer of the car beyond the time of its transfer, under normal conditions about eleven o'clock of that night, until about six o'clock the next morning, *held* that such delay and resultant loss were occasioned solely by an act of God.

2.  COMMERCE, § 5*—*what is effect of Carmack Amendment to Interstate Commerce Act.* Since the passage of the Carmack Amendment to the Interstate Commerce Act, the special regulations and polices of particular States upon the subject of a carrier's liability for loss or damage to interstate shipments and the contracts of carriers with respect thereto have been superseded.

3.  CARRIERS, § 100*—*when interstate carrier is excused from liability for loss or damage to shipments.* Under the federal rule as to liability of carriers for loss or damage to interstate shipments, an act of God excuses the carrier although its own negligence or delay may contribute as a remote cause of such loss or damage.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.